IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARVETTE WILLIAMS, | : | |
| Plaintiff, | : | CASE NO. 8:09-cv-201 |
| vs. | : | |
| DAKOTA COUNTY BOARD OF COMMISSIONERS, | : | |
| COUNTY OF DAKOTA, NEBRASKA, | : | |
| JAMES L. WAGNER, DAKOTA COUNTY SHERIFF in his official capacity, | : | FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| and personally, DAKOTA COUNTY DEPARTMEN OF CORRECTIONS, | : | |
| RODNEY HERRON in his official capacity, and personally, | : | |
| Defendants. | : | |

**COMES NOW**, the Plaintiff, Charvette Williams, by and through the undersigned states

the following causes of action against Defendants Dakota County Board of Commissioners;

County of Dakota, Nebraska; James L. Wagner-Dakota County Sheriff, in his official capacity

and personally; Dakota County Department of Corrections; and Rodney Herron, in his official

capacity and personally.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues raised herein.

### A. THE PARTIES

1.     Plaintiff, Charvette Williams, an African-American female, is a citizen of the

United States and resides at 3738 Glenn Oaks Blvd., Apt. 46, Sioux City, Iowa

51104.

2.     Defendant, Dakota County Board of Commissioners is a political subdivision of

–1–

the State of Nebraska and is located at PO box 338, Dakota City, Nebraska 68731.

3.    Defendant, County of Dakota, Nebraska is a political subdivision of the State of Nebraska and is located at 1601 Broadway Street, Dakota City, Nebraska 68731.

4.    Defendant, James L. Wagner, Dakota County Sheriff at all times relevant hereto served as the Sheriff of Dakota County who resides at 409 W 19th Street, South Sioux City, Nebraska 68776 and whose business address is located at 1601 Broadway Street, Dakota City, Nebraska 68731.

5.    Defendant, Dakota County Department of Corrections is a subdivision of the State of Nebraska and is located at 1601 Broadway Street, Dakota City, Nebraska 68731.

6.    Defendant, Rodney Herron, Chief Deputy at all times relevant hereto served as either the Chief Deputy for Dakota County or the Chief Jail Administrator for Dakota County or both who resides at 403 East 7th, South Sioux City, Nebraska 68776 and whose business address is located at 1601 Broadway Street, Dakota City, Nebraska 68731.

## B. JURISDICTION AND VENUE

7.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331 and was duly removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441(b)(c) and that it is a civil action involving federal questions arising under the Constitution and laws of the United States, although joined by one or more otherwise non-removable state law causes of action.

8.    Plaintiff alleges that she is an employee of one or more of the Defendants and that

–2–

her employer(s) committed illegal actions in the form of discrimination and otherwise based on her gender and race. She worked in a hostile work environment, she was sexually harassed and there were violations of her constitutional rights as alleged in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 and 42 U.S.C. §1983.

9.      Plaintiff has satisfied all prerequisites to filing this matter and has received the appropriate Right to Sue letter from the Equal Employment Opportunity Commission. Additionally, by letter dated May 5, 2009, Plaintiff put Defendants on notice of her claims against Defendants.

10.     All Defendants joined in their request for removal and are represented by counsel.

11.     Venue is appropriate in that all acts giving rise to this action were committed within the jurisdiction of the District Court for the District of Nebraska.

## C. FACTUAL ALLEGATIONS

12.     The Plaintiff was hired by the Defendant on January 28, 2007 as a Correctional Officer.  At that time, she had had substantial experience and training as a Correctional Officer in other correctional institutions, particularly in Indiana. Plaintiff was promised additional training by her supervisors which never occurred.

13.     Sometime around May 2008, Plaintiff discovered that several white, primarily male, employees with less experience were hired and were being paid at a higher rate of pay than Plaintiff.  In July 2008, Plaintiff complained to her Captain, Mark Nelson who advised her to speak with a Secretary, Sandy Dickens about the pay discrepancy.  Dickens advised that her pay could not be increased.  In September

–3–

2008, Plaintiff had a meeting with Director Terry Kern who indicated that he would bump Plaintiff's pay up, but with the conditions that he would not pay any back pay to which she was entitled and that she would be prohibited from seeking legal counsel. When these terms were not acceptable, Director Kern rescinded the offer.

14.   Plaintiff has also been treated differently in work assignments in that she was given unfavorable work assignments as compared with white males.

15.   As a result of the above, Plaintiff has not been paid an equal amount of money as equal or lesser qualified white males which has cost her a substantial amount of money. She was not allowed the full benefit of her employment contractual relationship. Consequently, Plaintiff believes that she was treated in an objectively discriminatory manner which a reasonable person would find discriminatory.

16.   Also during this time period, Defendant, Rodney Herron, a superior officer to Plaintiff, engaged in a predatory sexual relationship with Plaintiff. Herron initiated a sexual relationship with Plaintiff with the assistance of other male deputies. Upon information and belief, Defendant Herron along with other superior officers engaged in a pattern of practice and engaging in sexual relationships with officers to whom they are superiors.

17.   Additionally, Plaintiff was made to feel very uncomfortable due to the ongoing sexual relationship and the ending of said sexual relationship which created an objectively hostile work environment which a reasonable person would find discriminatory. She was in constant fear for her job and the appropriate benefits of

—4—

her employment.

18.    Herron has engaged in other sexual relationships with subordinate women throughout his time as Chief Deputy or Chief Jail Administrator.

19.    Upon information and belief, Herron created an openly sexually charged environment in which subordinates would be engaged in sexual relationships with Herron and with other male deputies in superior positions, as well as, engaging in a social environment in which individuals felt as though they were forced to engage in social activities after hours at various local drinking establishments.

20.    Sheriff, James L. Wagner, was engaged in similar violations of female employees right to equal protection by engaging in similar inappropriate sexual relationships with female employees with whom he is superior.

21.    Sheriff Wagner went so far as to attempt to engage in a relationship with one female employee while that employee was engaged an inappropriate sexual relationship with Herron.

22.    This work environment was a cesspool which superiors took advantage of their position of power for their own sexual gratification created by their jobs in law enforcement under color of state law and created an openly hostile work environment at which women felt compelled either to engage in sexual relationships or feel as though they were outcasts if they did not participate in the ongoing sexual relationships and accompanying social engagements that involved substantial amounts of drinking. Upon information and belief, at least one female employee's employment was terminated after ending one of these sexual relationships, others quit their jobs either because they were made to feel

−5−

uncomfortable after ending a relationship or because they feared for their jobs, safety or made to be uncomfortable for not participating in this activity. These employees took lesser paying jobs and/or left the State.

23.     This matter had become so bad that a Deputy approached one of the Commissioners sometime in approximately 2007 to advise the Commissioners of the problem. In 2007, the Commissioners hired an outside law firm, SPENCER, FANE, BRITT & BROWNE to engage in a study to determine if there was any inappropriate or illegal conduct which was engaged in by the County of Dakota and the aforementioned employees. Once that study was concluded in 2007, it was passed along directly to the Commission, the County and then sent directly to the Attorney General's office. That matter was never made available to the public. While the County was put on notice of this behavior, it took no steps to correct the problem. The report remained dormant from 2007 until the present despite the request by citizens and commissioners to publish the report. Upon information and belief, the report contains recorded statements, photographs, statements and other evidence documenting this sexually charged environment. The County of Dakota was on notice as early as 2007, if not earlier, that these supervisory employees were engaged in sexual conduct with subordinates. Dakota County has specifically chosen to cover this behavior up and keep it from the public. The aforementioned behavior is not only a custom, policy and practice of Dakota County, it was covered up at the highest levels of County government. In fact, after this matter was initially filed, the Commissioners hastily got together and voted to seal the results from the public so as to continue to cover up this

illicit, illegal and sexually charged behavior.

## COUNT I

(42 U.S.C. § 1983/42 U.S.C. §1981)

24.    Plaintiff hereby adopts, realleges and incorporates by reference the allegations
       contained in Paragraph 1-23 above.

25.    Defendants acting through their agents and employees caused and prohibited
       Plaintiff from being able to make and enforce the ability to contract a fair wage in
       a similar manner as white individuals because of her race and sex. Plaintiff was
       denied the ability of making, performing, modifying and terminating contracts as
       white males and was denied the enjoyment of all benefits, privileges, terms and
       conditions of the contractual relationship. Defendants would not have treated and
       does not treat white male employees in the same manner.

26.    42 U.S.C. §1983 is the exclusive remedy for enforcement of violations of 42
       U.S.C. §1981 against state actors such as the Defendants. Specifically, as state
       actors, the Defendants violated the Plaintiff's constitutionally guaranteed rights as
       protected through 42 U.S.C. §1981.

27.    As a result of the pay discrepancy, the Plaintiff was prohibited and deprived from
       her full benefits as are enjoyed by white citizens in the making, performance
       modifications and termination of contract, also the enjoyment of all benefits,
       privileges terms and conditions of the contractual relationship as those enjoyed by
       white employees. A reasonable person would find the aforementioned conduct
       objectively discriminatory.

28.    The Defendants conduct is the proximate cause of such deprivation and resulting

damages.

29.     Plaintiff has been damaged as a direct and proximate result of the Defendants'

actions.  In particular, she has suffered injuries including but not limited to:

    a.  Loss of wages;
    b.  Inconvenience;
    c.  Insult;
    d.  Mental distress;
    e.  Embarrassment;
    f.  Humiliation;
    g.  Anxiety; and
    h.  Emotional pain and suffering.

30.     Defendants' actions were willful, wanton, reckless and malicious, and further

show a complete and deliberate indifference to, and conscious disregard for the

rights of Plaintiff.  Therefore, Plaintiff is entitled to an award of punitive or

exemplary damages in the amount sufficient to punish Defendants or to deter

Defendants and other companies from like conduct in the future.

31.     Plaintiff is entitled to recover attorneys fees as provided by 42 U.S.C. §1988.

## COUNT III

(42 U.S.C. §1983/Disperate Pay)

32.     Plaintiff hereby adopts, realleges and incorporates by reference the allegations

contained in Paragraph 1-31 above.

33.     At all times material hereto, the employees engaged in this discriminatory conduct

were employees of Dakota County, the Dakota County Sheriff's Office and

Dakota County Department of Corrections.  Upon information and belief, Dakota

County was a willful participant in the joint activities of its employees and its

agents, whose activity deprived the Plaintiff of her constitutional right to be free

–8–

of discrimination by State actors.

34.     Dakota County working in concert with its employees engaged in a pattern of paying female employees, African-American female employees or African-American employees less than white and/or male employees. This was done so pursuant to a custom, policy or plan either implicit or explicit.

35.     Dakota County at all times material hereto had actual and constructive knowledge of the conduct of the Dakota County Sheriff, the Dakota County Sheriff's Office, the Dakota County Department of Corrections and all other supervisory employees.

36.     At all times material hereto, the Plaintiff was a member of a protected class and as such, was paid a different rate of pay than white males in violation of equal protection rights guaranteed by the 14th Amendment of the United States Constitution.

37.     As a result of the racial and/or sexual discrimination and action perpetuated against Plaintiff by the Defendants, the Defendants violated Plaintiff's constitutional rights and consequently, Plaintiff suffered severe economic loss, emotional distress and injury.

38.     Plaintiff has a constitutional right to be free from such discrimination and entitled to be paid at the same rate of pay and engaged in the same right to promotions as members not of the protected class.

39.     Defendants acted under color of State law when they committed the illegal discrimination in violation of 42 U.S.C. §1983.

40.     Upon information and belief, Defendants acting through its agents, officers, and

supervisors, authorized, condoned and/or ratified the illegal discrimination committed by each of the aforementioned employees against Plaintiff. Specifically, the Defendants engaged in policies, customs and practices that resulted in this deprivation of Plaintiff's constitutionally protected rights.

41. Plaintiff has suffered and will continue to suffer economic loss, pain and mental anguish and emotional distress.

42. The action of the Defendants was the proximate cause of Plaintiff's injuries and damages. Defendants failed to comply with its duty to take all reasonable and necessary steps to eliminate illegal discrimination from and by its employees or to prevent it from occurring in the future.

43. Plaintiff has been damaged as a direct and proximate result of Defendants' actions in particular. The Plaintiff has suffered injuries including but not limited to:

   a. Loss of wages;
   b. Inconvenience;
   c. Insult;
   d. Mental distress;
   e. Embarrassment;
   f. Humiliation;
   g. Anxiety; and
   h. Emotional pain and suffering.

44. Defendants' actions were willful, wanton, reckless and malicious, and further show a complete and deliberate indifference to, and conscious disregard for the rights of Plaintiff. Therefore, Plaintiff is entitled to an award of punitive or exemplary damages in the amount sufficient to punish Defendants or to deter Defendants and other companies from like conduct in the future.

45. Plaintiff is entitled to recover attorneys' fees as provided by 42 U.S.C. §1988.

## COUNT IV

(42 U.S.C. §1983/Equal Protection, Sexual Harassment and Hostile Work Environment)

46. Plaintiff hereby adopts, realleges and incorporates by reference the allegations contained in Paragraph 1-45 above.

47. Plaintiff is a member of a protected class who is subject to illegal sexual harassment by her superiors. Defendant, Rodney Herron, who served in a superior role to Plaintiff, engaged in a long term predatory sexual relationship with the Plaintiff.

48. Upon information and belief, Defendant Rodney Herron, has engaged in multiple sexual relationships with female employees who are his subordinate. Moreover, Sheriff Wagner engaged in similar sexual relationships with female employees who were inferior. In fact, these two male supervisory employees engaged in multiple sexual relationships with multiple subordinates creating an objectively hostile work environment and at times sexually harassed employees.

49. While the sexual relationship may have initially appeared consensual, the method of its initiation and given the number of other employees which had come to light with whom Defendants Rodney Herron and Sheriff Wagner had similar relationships, this relationship was the product of, was conducted in and contributed to a hostile work environment for Plaintiff.

50. Plaintiff felt uncomfortable and felt as though she was not able to break off or end the relationship. She felt as though she had no choice but to continue the sexual relationship. Such conduct constitutes sexual harassment and a hostile work

–11–

environment.

51. The pervasiveness of this conduct by Defendants Rodney Herron and Sheriff Wagner and others, which was acquiesced by, Dakota County, Dakota County Department of Corrections, Dakota County Sheriff's Office and its agents and employees constituted unlawful sexual harassment and a hostile work environment in violation of Plaintiff's right to equal protection under the law and to be free of sexual harassment and hostile work environment created by state actors such as Defendants in violation of 42 U.S.C. §1983.

52. Defendants' conduct, as described above, is the proximate cause of the aforementioned discrimination and resulting damages.

53. Plaintiff has been damaged as a direct and proximate result of Defendants' actions in particular. The Plaintiff has suffered injuries including but not limited to:

   a.   Loss of wages;
   b.   Inconvenience;
   c.   Insult;
   d.   Mental distress;
   e.   Embarrassment;
   f.   Humiliation;
   g.   Anxiety; and
   h.   Emotional pain and suffering.

54. Defendants' actions were willful, wanton, reckless and malicious, and further show a complete and deliberate indifference to, and conscious disregard for the rights of Plaintiff. Therefore, Plaintiff is entitled to an award of punitive or exemplary damages in the amount sufficient to punish Defendants or to deter Defendants and other companies from like conduct in the future.

55. Plaintiff is entitled to recover attorneys' fees as provided by 42 U.S.C. §1988.

## COUNT V

(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et.seq.)
(Race and Sex Discrimination)

56. Plaintiff hereby adopts, realleges and incorporates by reference the allegations contained in Paragraph 1-55 above.

57. Plaintiff is a member of a protected class. Plaintiff has completed all of the administrative prerequisites with Equal Employment Opportunity Commissions as required by law.

58. As a result of the actions of the Defendants, she was hired at a lesser rate than white males with similar or lesser qualifications, given unfair job assignments as compared to her white male co-workers and was generally treated in an unfair manner as compared to her white male co-workers. (See previous counts.)

59. Such conduct is specifically prohibited by Title VII of the Civil Rights Act of 1964. Such conduct constitutes unlawful discrimination based on race and sex on the part of the Defendants.

60. The Defendants deprived the Plaintiff of her right to be paid fairly, treated fairly and able to contract for the same work conditions as her white male co-workers.

61. The Defendants' conduct, as described above, is the proximate cause of the aforementioned discrimination and resulting damages.

62. Plaintiff has been damaged as a direct and proximate result of Defendants' actions in particular. The Plaintiff has suffered injuries including but not limited to:

    a.      Loss of wages;
    b.      Inconvenience;
    c.      Insult;
    d.      Mental distress;

e.    Embarrassment;
f.    Humiliation;
g.    Anxiety; and
h.    Emotional pain and suffering.

63. Defendants' actions were willful, wanton, reckless and malicious, and further

show a complete and deliberate indifference to, and conscious disregard for the

rights of Plaintiff.  Therefore, Plaintiff is entitled to an award of punitive or

exemplary damages in the amount sufficient to punish Defendants or to deter

Defendants and other companies from like conduct in the future.

64.  Plaintiff is entitled to recover attorneys' fees as provided by 42 U.S.C.  §1988.

### COUNT VI

(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et.seq.)
(Unlawful Retaliation)

65.  Plaintiff hereby adopts, realleges and incorporates by reference the allegations

contained in Paragraph 1-64 above.

66. On or about September 17, 2008, Plaintiff sought to have her lack of pay

corrected through Director Kerns.  At that time, Director Kerns indicated that he

would increase her pay so that she would be paid commensurate with other

individuals who had been working for the Dakota County Department of

Corrections for the same amount of time.  Director Kerns placed conditions upon

such an offer, those being he would not authorize any back pay to which she was

entitled and that she could not seek legal counsel to review her options.  As a

result, Director Kerns rescinded the offer.

67. Plaintiff was engaged in protected activity at the time that she was seeking her

increase in pay in that she was asserting her civil rights as described in the

–14–

previous counts. This resolution proposed by the Defendants was materially adverse to the Plaintiff in that it would dissuaded a reasonable employee from making or supporting a charge of discrimination. Specifically, although Director Kerns had agreed to increase Plaintiff's pay, he required her to do so without seeking the back pay to which she was entitled and to not seek legal counsel to determine the acceptability and legality of the terms. Specifically, although the Defendants had decided to correct the pay error prospectively, they still required the Plaintiff to forego pursuing any claims under any civil rights acts, equal pay acts, or any other civil rights statutes. There is a causal relationship between the Defendants demanding that as a term of Plaintiff receiving benefits to which she was legally entitled such as Plaintiff not seeking back pay and not seeking legal counsel and giving up her civil rights thereby allowing the employer to sustain its past discriminatory action from the time of her hire and rescinding the offer to make her prospectively whole.

68. This action constitutes unlawful retaliation as provided by the aforementioned statutes and the United States Supreme Court.

69. The actions of the Defendants are the proximate cause of this unlawful retaliation and resulting damages.

70. Plaintiff has been damaged as a direct and proximate result of Defendants' actions in particular. The Plaintiff has suffered injuries including but not limited to:

a.      Loss of wages;
b.      Inconvenience;
c.      Insult;
d.      Mental distress;
e.      Embarrassment;

      f.      Humiliation;

      g.      Anxiety; and

      h.      Emotional pain and suffering.

71.    Defendants' actions were willful, wanton, reckless and malicious, and further show a complete and deliberate indifference to, and conscious disregard for the rights of Plaintiff.  Therefore, Plaintiff is entitled to an award of punitive or exemplary damages in the amount sufficient to punish Defendants' or to deter Defendants and other companies from like conduct in the future.

72.    Plaintiff is entitled to recover attorneys' fees as provided by 42 U.S.C. §1988.

Dated this __31st__ day of __July__, 2009.


BUCKMEIER AND DAANE, Lawyers, P.C.


By: _/s/ Brian E. Buckmeier_____

Brian E. Buckmeier  #18704

701 Pierce Street, Suite 301

P.O. Box  5078

Sioux City, Iowa 51102-5078

(712) 252-2424

(712) 252-0202  facsimile

buckmeierb@buckmeierdaane.com


Dewey P. Sloan, Jr.

P.O. Box 501

Le Mars, Iowa 51031

(712) 546-1592


ATTORNEYS FOR THE PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2009, I electronically filed the foregoing with the Clerk of U.S. District Court using the CM/ECF system.

By: _/s/ Brian E. Buckmeier_____

Brian E. Buckmeier  #18704

—16—