# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHARVETTE WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 8:09CV201 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **DAKOTA COUNTY BOARD OF COMMISSIONERS, DAKOTA COUNTY DEPARTMENT OF CORRECTIONS, RODNEY HERRON, COUNTY OF DAKOTA, NEBRASKA, and JAMES L. WAGNER,** | ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the plaintiff's Motion to Join Parties (Filing No. 32). The plaintiff filed a brief (Filing No. 33) in support of the motion. The defendants filed a brief (Filing No. 37) in opposition to the motion.

The plaintiff seeks to consolidate the above captioned case with three other actions presently pending in this court: Toni Duncan v. County of Dakota, Nebraska, et al., 8:09CV277; Alana Crutcher-Sanchez v. County of Dakota, Nebraska, et al., 8:09CV288; Richard Criss, et al. v. Dakota County Board of Commissioners, et al., 8:09CV387. The plaintiff seeks to consolidate the actions based on the principles of either permissive joinder of parties (Fed. R. Civ. P. 20) or required joinder of parties (Fed. R. Civ. P. 19). The plaintiff contends the plaintiffs in each of these separate actions should be made parties to one action for discovery and trial to simplify discovery and trial because each of the separate actions involve similar employment claims, mostly the same defendants, and may have overlapping witnesses.

The defendants oppose consolidation based on the procedural posture of each case as discovery has not yet begun in any of the cases, motions to dismiss have been filed in two of the cases, and the defendants have not yet been served in the latest matter. Additionally, the defendants argue the cases are dissimilar, requiring individualized proof based on different legal claims and unique factual situations. Finally, the defendants

contend they would suffer undue prejudice in any trial combining the eleven plaintiffs and, in any event, plan to seek separate trials where necessary in the latest filed matter that already lists eight plaintiffs.

Consolidation of separate actions is governed by Fed. R. Civ. P. 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

"Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual. The consent of the parties is not required by the rule." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (2d ed. 1994). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. Wright & Miller, *supra*, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.* Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

The plaintiff has failed to show consolidation is appropriate for the actions listed. Although the cases may present some common issues of law and fact, the cases remain at an early stage of litigation, involve diverse plaintiffs, different causes of action and, in some cases, different defendants. There is no evidence, at this time, that consolidation of these matters will promote judicial economy. In fact, it appears consolidation will lead to inconvenience, inefficiency, or unfair prejudice. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Join Parties (Filing No. 32) is denied.

DATED this 21st day of November, 2009.

                                                    BY THE COURT:

                                                    s/Thomas D. Thalken
                                                    United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.