IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHARVETTE WILLIAMS,                          )
                                             )
                Plaintiff,                   )            8:09CV201
                                             )
        v.                                   )
                                             )
DAKOTA COUNTY BOARD OF                       )        MEMORANDUM AND ORDER
COMMISSIONERS, DAKOTA COUNTY                 )
DEPARTMENT OF CORRECTIONS,                   )
RODNEY HERRON, in his official               )
capacity and personally, COUNTY OF           )
DAKOTA, NEBRASKA, and JAMES L.               )
WAGNER, Dakota County Sheriff in his         )
official capacity and personally,            )
                                             )
                Defendants.                  )
                                             )

        This matter is before the court on the motion to dismiss and/or strike filed by

defendants Dakota County Board of Commissioners, Dakota County Department of

Corrections, James L. Wagner and Rodney Herron, Filing No. 39. This is an action for

discrimination in employment.

        I.      Background

        In her amended complaint, the plaintiff Charvette Williams asserts claims for race

discrimination under 42 U.S.C. §§ 1981 & 1983 and gender discrimination under 42 U.S.C.

§ 1983 and 42 U.S.C. § 2000e ("Title VII"). Filing No. 20, Amended Complaint. Specifically,

she alleges that defendants discriminated against her by paying her less than similarly

situated white male counterparts and treating her differently with respect to work

assignments. *Id.* at 3-4. She also alleges that she was subjected to a hostile work

environment. Williams alleges that a superior officer, Rodney Herron, engaged in a

"predatory sexual relationship" with her. *Id.* at 4. She also alleges that the defendants

created a work environment in which "superiors took advantage of their position of power for

their own sexual gratification."  *Id.* at 5.  Williams further alleges that Sheriff James L.

Wagner and Williams's supervisor, Defendant Rodney Herron, had numerous sexual

relationships with other employees, resulting in favorable treatment of those employees, to

the detriment of Williams.  *Id.* at 5, 11.  She alleges that Dakota County was on notice of the

behavior, acquiesced in it, and took no steps to correct it.  *Id.* at 6, 12.  She further alleges

that she was retaliated against for pursuing her right to be free from discrimination in pay.

*Id.* at 4-5.  She asserts that defendants' actions were willful and wanton and seeks punitive

damages.[1]  *Id.* at 16.  Williams also alleges that she has satisfied prerequisites to filing this

action and has received a right to sue letter from  the EEOC.  *Id.* at 3.

In their motion, the defendants move to dismiss Williams's amended complaint in its

entirety for failure to comply with the "short and plain statement" provision of Fed. R. Civ. P.

8(a)(2), or, in the alternative, to strike certain statements in the amended complaint for

violation of the rule or as irrelevant, repetitive, and/or scandalous under Fed. R. Civ. P. 12(f).

Defendants further move to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6)

for failure to state a claim upon which relief can be granted.  Defendants Board of

Commissioners and Department of Corrections assert they are not entities properly subject

to suit.  Defendants also assert that Williams has failed to exhaust administrative remedies

under a collective bargaining agreement.

II.     Discussion

A.     Law

Under Fed. R. Civ. P. 12(f), courts may strike "from any pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P.

---

[1]Though framed as a separate claim, a request for punitive damages is properly viewed as part of
Williams's prayer for relief.  In her response to the defendants' motion, Williams states that she agrees that
Dakota County and the defendants in their official capacities "cannot be sued and are immune from punitive
damages."  Filing No. 48, Response at 2.   The court will consider Williams's claim for punitive damages to
have been abandoned with respect to those defendants.

12(f).  Courts enjoy liberal discretion to strike pleadings under this provision.  *BJC Health*

*System v. Columbia Cas. Co.,* 478 F.3d 908, 917 (8th Cir. 2007).  Striking a party's pleading,

however, is an extreme and disfavored measure.  *Id.*  A motion to strike, is neither an

authorized nor a proper way to procure the dismissal of all or part of a claim.  5C Wright &

Miller, Fed. Prac. & Proc. § 1380 (2008).

Under the Federal Rules, a complaint must contain "a short and plain statement of

the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rules

require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific

facts are not necessary; the statement need only 'give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus,* 551 U.S. 89, 93

(2007) (quoting *Twombly,* 550 U.S. at 555).  In order to survive a motion to dismiss under

Fed. R. Civ. P. 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555.

In addition, when ruling on a defendant's motion to dismiss, a judge must accept as

true all of the factual allegations contained in the complaint.  *Erickson,* 551 U.S. at 94.  This

is so, "even if it appears that actual proof of those facts is improbable, and that a recovery

is very remote and unlikely."  *Twombly,* 550 U.S. at 556.  The complaint must plead "enough

facts to state a claim for relief that is plausible on its face."  *Id.* at 570.   "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

*Iqbal,* 129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require

a probability, but asks for more than a sheer possibility that a defendant has acted

unlawfully).  The court must find "enough factual matter (taken as true) to suggest" that

"discovery will reveal evidence" of the elements of the claim.  *Twombly,* 550 U.S. at 556.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement

to relief," the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P.

12(b)(6).  *Id.* at 558; *Iqbal,* 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'-'that the pleader is entitled to relief.'").

The Civil Rights Act, 42 U.S.C. § 1981, as amended in 1991, gives all persons the

equal right to "make and enforce contracts" and provides a cause of action "for

discrimination in the employment relationship." *King v. Hardesty,* 517 F.3d 1049, 1057 n.4

(8th Cir. 2008).   The prohibition on racial discrimination in § 1981 covers retaliation claims

and hostile environment claims.  *CBOCS West, Inc. v. Humphries,* 553 U.S. 442, —, 128 S.

Ct. at 1955 (2008); *Greer v. St. Louis Reg'l Med. Ctr.,* 258 F.3d 843, 847 (8th Cir.  2001). A

§ 1981 claim against a public employer must be asserted through § 1983.  *Artis v. Francis*

*Howell North Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1181 (8th Cir. 1998); *Jackson v. City*

*of St. Louis,* 220 F.3d 894, 897 (8th Cir. 2000) (noting that claims under § 1981, § 1983, and

Title VII represent "alternative theories of recovery for the same injuries").

Plaintiffs' "right to be free from gender discrimination is secured by the equal

protection clause of the Fourteenth Amendment." *Tipler v. Douglas County, Neb.,* 482 F.3d

1023, 1027 (8th Cir. 2007); *Ottman v. City of Independence,* 341 F.3d 751, 756 (8th Cir.

2003) ("intentional gender discrimination in public employment by persons acting under color

of state law violates the Equal Protection Clause of the Fourteenth Amendment").

Equal protection claims may be asserted under 42 U.S.C. § 1983.  *See, e.g., Mercer v. City*

*of Cedar Rapids,* 308 F.3d 840, 844 (8th Cir. 2002).  Discrimination based on gender that

creates a hostile or abusive working environment also violates § 1983.  *Weger v. City of*

*Ladue,* 500 F.3d 710, 171 (8th Cir. 2007) (hostile work environment claims under Title VII

4

and § 1983 are subject to the same analysis).  To state a claim for hostile environment discrimination, an employee must show:  (1) she belongs to a protected group; (2) she was subject to unwelcome harassment: (3) the harassment was based on race or disability; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper remedial action. *McCown v. St. John's Health System, Inc.*, 349 F.3d 540, 542 (8th Cir. 2003).

Under 42 U.S.C. § 2000(e), the timely filing of a charge of discrimination with the EEOC is a prerequisite to the later commencement of a civil action in federal court. *Cobb v. Stringer*, 850 F.2d 356, 358 (8th Cir. 1988).  The purpose of filing the charge is to provide the EEOC with an opportunity to investigate and attempt to resolve the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit. *Id.* at 359.  A Title VII plaintiff must also receive a "right to sue" letter from the EEOC in order to exhaust her remedies. *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996).

Government entities are not liable under section 1983 for an employee's actions under a theory of respondeat superior, but the county may be liable if the plaintiff can prove an official policy or a widespread custom that violated the law and caused the plaintiff's injury. *See Artis*, 161 F.3d at 1181.  Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403-04 (1997). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404 (citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 668, 690-91 (1978).

5

Under section 1983, to establish liability against a defendant in his individual capacity, because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Parrish v. Ball*, 2010 WL 445736, *6 (8th Cir. Feb. 10, 2010); *Ashcroft v. Iqbal*, 129 S. Ct. at 1948. "Thus, 'each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.'" *Parrish* at *6 (quoting *Iqbal*, 129 S. Ct. at 1949). A supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation. *Parrish* at *7; *Ottman v. City of Independence, Mo.*, 341 F.3d 751, 761 (8th Cir. 2003) (stating that the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see). A supervisor is not liable in his individual capacity under Title VII. *Roark v. City of Hazen, Arkansas*, 189 F.3d 758, 761 (8th Cir. 1999).

B.    Analysis

The court finds that Williams's amended complaint states a plausible claim for race discrimination under section 1981, gender discrimination under § 1983, and race discrimination, gender discrimination and retaliation under Title VII. In her amended complaint, Williams alleges disparate pay by reason of race and gender. She alleges a claim for sexual harassment and for a hostile work environment. She alleges facts showing she was treated differently than similarly-situated male employees with respect to work assignments and pay and further alleges conduct that is severe or pervasive enough that a reasonable person would find it hostile or abusive. Williams alleges conduct by defendants Wagner and Herron that would give rise to individual liability.

Although Williams presents sufficient allegations that the acts of Wagner and Herron were official policies or customs, the Dakota County Department of Corrections and the

6

Dakota County Board of Commissioners are not entities that are subject to suit under §
1983. *See Williams v. Pulaski County Detention Facility*, 278 Fed. Appx. 695, 695 (8th Cir.
2008) (unpublished opinion); *De La Garza v. Kandiyohi County Jail, Correctional Inst.*, 18
Fed. Appx. 436, 437 (8th Cir. 2001).  The proper defendant is the county.  Accordingly, the
defendants' motion to dismiss the Dakota County Department of Corrections and the Dakota
County Board of Commissioners will be granted.

Consideration of the defendants' arguments that the relationship was consensual and
that Williams's remedies are affected by a collective bargaining agreement is   not
appropriate at this time.  The court considers only the allegations that appear on the face of
the amended complaint.  Accordingly, the court finds the defendants' motion should be
denied in all other respects.

IT IS ORDERED that:

1.  The defendants' motion to dismiss or strike is granted in part and denied in part.

2.  The defendants' motion to dismiss is granted with respect to defendants Dakota
County Board of Commissioners and Dakota County Department of Corrections, and denied
in all other respects.

3.  Defendants shall file a responsive pleading within 10 days thereafter.

DATED this 10th day of March, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for
the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services
or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third
parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any
hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect
the opinion of the court.