IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARVETTE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV201 |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF DAKOTA, NEBRASKA, | ) | MEMORANDUM AND ORDER |
| and RODNEY HERRON, in his official | ) | |
| capacity and personally, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Rodney Herron's motion to dismiss plaintiff's claims against him in his individual capacity, Filing No. 60. This is an action for deprivation of rights in connection with discrimination in employment. The only claims remaining in this action are plaintiff's 42 U.S.C. § 1983 claims against defendants County of Dakota and Rodney Herron in his individual and official capacities (Counts II & III).[1]

In her Second Amended Complaint, the plaintiff alleges that defendant Dakota County, as an official policy, or as a practice, procedure or custom, "has discriminated against women by establishing, maintaining and enforcing policies which create or foster a sexually hostile work environment, and by treating women differently than men" and that defendant Rodney Herron, either pursuant to an official policy or individually, deprived her of "rights protected by the Equal Protection clause of the Fourteenth Amendment to the United States Constitution by establishing, maintaining or enforcing policies which create or foster a sexually hostile work environment." See Filing No. 59, Second Amended Complaint

---

[1] The Dakota County Board of Commissioners and the Dakota County Department of Corrections were dismissed as defendants in an earlier order and the plaintiff's Title VII and Equal pay Act claims against the County and James L. Wagner, the Dakota County Sheriff (Counts I & IV) will be dismissed pursuant to an offer of judgment and acceptance thereof. See Filing No. 56, Memorandum and Order; Filing No. 69, Offer of Judgment; Filing No. 70, Response; Filing No. 71, Order and Judgment.

at 6-7 (Page ID # 313-14). She alleges that Herron, her superior, engaged in a sexual relationship with her and that she felt she had no choice but to continue the relationship because he was in a position of authority over her. Filing No. 59, Second Amended Complaint at 3-4 (Page ID # 310-11).

In his motion to dismiss claims against him in his individual capacity, defendant Herron asserts that the plaintiff's complaint fails to state a claim for relief because it alleges only consensual behavior, and the plaintiff made no claim for assault. He further asserts she fails to identify the class to which she belongs and cannot bring an action as a "class of one." *See* Filing No. 61, Brief at 2-3 (Page ID # 321-22).

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Erickson,* 551 U.S. at 94. The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (stating that the plausibility

2

standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully).

A plaintiff's "right to be free from gender discrimination is secured by the equal protection clause of the Fourteenth Amendment." *Tipler v. Douglas County, Neb.*, 482 F.3d 1023, 1027 (8th Cir. 2007); *Ottman v. City of Independence*, 341 F.3d 751, 756 (8th Cir. 2003) ("intentional gender discrimination in public employment by persons acting under color of state law violates the Equal Protection Clause of the Fourteenth Amendment"). Equal protection claims may be asserted under 42 U.S.C. § 1983. *See, e.g., Mercer v. City of Cedar Rapids,* 308 F.3d 840, 844 (8th Cir. 2002). Discrimination based on gender that creates a hostile or abusive working environment also violates § 1983. *Weger v. City of Ladue,* 500 F.3d 710, 171 (8th Cir. 2007) (hostile work environment claims under Title VII and § 1983 are subject to the same analysis). To state a claim for hostile environment discrimination, an employee must show: (1) she belongs to a protected group; (2) she was subject to unwelcome harassment: (3) the harassment was based on race or disability; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper remedial action. *McCown v. St. John's Health System, Inc.*, 349 F.3d 540, 542 (8th Cir. 2003). An employment discrimination plaintiff need not plead a prima facie case of discrimination to survive a Rule 12(b)(6) motion because framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800 (1973), is an evidentiary standard, not a pleading requirement. *Swierkiewicz v. Sorema,* 534 U.S. 506, 510 (2002).

Under Section 1983, to establish liability against a defendant in his individual capacity, because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the

3

Constitution. *Parrish v. Ball,* 594 F.3d 993, 1001 (8th Cir. 2010); *Ashcroft v. Iqbal,* 129 S. Ct. at 1948. "Thus, 'each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.'" *Parrish,* 594 F.3d at 1001 (quoting *Iqbal,* 129 S. Ct. at 1949).

Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985); *Parrish,* 594 F.3d at 996. "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Graham,* 473 U.S. at 165-66 (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 n.55, 1978). An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id.* at 166 (noting that "it is not a suit against the official personally, for the real party in interest is the entity").

To "establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham,* 473 U.S. at 166 (emphasis in original). In contrast, because the governmental entity is liable in an official-capacity claim, a plaintiff must demonstrate that the entity's policy or custom played a part in the violation of the plaintiff's rights. *Id.; see Monell v. Department of Social Servs. of New York,* 436 U.S. 658, 694 (1978) (when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts an injury, the government as an entity can be held responsible under § 1983).

The court finds that the Second Amended Complaint states a plausible claim for deprivation of federally-protected rights against defendant Herron in his individual capacity, as well as his official capacity, under § 1983. She alleges a claim for sexual harassment and

a hostile work environment. She alleges conduct that is severe or pervasive enough that a reasonable person would find it hostile or abusive. Williams also alleges conduct by defendant Herron that could give rise to individual liability. She alleges that defendant Herron was acting under color of state law and that he deprived her of a federal right. Nothing more is required to allege personal liability. Accordingly, the court finds the defendant's motion should be denied.

IT IS ORDERED that defendant Rodney Herron's motion to dismiss claims against him in his individual capacity (Filing No. 60) is denied.

DATED this 17th day of August, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5